## FAY v. DOYLE.

### No. 6909.

United States Court of Appeals for the District of Columbia.

Decided Jan. 10, 1938.

William A. Gallagher and W. B. O'Connell, both of Washington, D. C., for appellant.

M. M. Doyle, F. A. Thuee, and J. J. Malloy, all of Washington, D. C., for appellee.

Before GRONER, STEPHENS, and MILLER, Associate Justices.

STEPHENS, Associate Justice.

During the period November 1, 1922, to November 3, 1933, Alberta M. Fay, the appellant, plaintiff below, loaned to George E. Pflaster, who died before the commencement of this action, sums of money aggregating, with interest, $4691.05. In making these advances, the appellant under-

stood that she was dealing with Mr. Pflaster in his own right, and that the moneys were to be used in the repair, improvement, and operation of certain properties—a farm located in Virginia and a building in the District of Columbia—of which Mr. Pflaster, according to his representations to the appellant, was the owner. In truth, Mr. Pflaster was not the owner of these properties. They belonged to his wife, Mary T. Pflaster. Mrs. Pflaster died after the death of Mr. Pflaster, but before the commencement of this action. This suit was then brought by the appellant against the appellee as executor of Mrs. Pflaster's estate. Its purpose is to recover the loans made as aforesaid. Before her death, Mrs. Pflaster, who was the beneficiary of an insurance policy upon the life of her husband, assigned the proceeds thereof, $1907.51, to the plaintiff, in order that she might be reimbursed to that extent. An additional $975 was eliminated from the case by agreement of counsel at the trial, leaving the total amount sought $1808.54. The case was tried below before a judge and jury. At the close of the evidence, the judge directed a verdict in favor of the defendant. This direction of a verdict is the only error assigned.

We have read the record with care. We think it would serve no useful purpose to set forth the evidence in this opinion. The trial judge was fully justified in taking the case from the jury. In her declaration, the appellant sought to found her suit on authority existing in Mr. Pflaster as his wife's agent to borrow the moneys for her. In the evidence presented at the trial, and in the brief on appeal, the theory of recovery is ratification—affirmance by Mrs. Pflaster of the acts of her husband in borrowing the moneys, although the borrowing was without her knowledge or authority at the time. It is claimed by the appellant that Mrs. Pflaster later learned of the borrowings by her husband, that she

had received the benefits of them, and that she affirmed her husband's acts in making them.

The trial judge was unable to find, and we are unable to find, any substantial support in the evidence for either theory. There is nothing in the record evidencing agency in the husband, except the fact that he was operating the properties. But the record is silent in respect of the capacity in which he was operating them, and in respect of any authority given by Mrs. Pflaster to her husband to secure loans from the appellant. As for ratification—ratification does not result from the affirmance of an act unless the one acting purports to act on account of the one said to have affirmed. Restatement, Agency (1933) § 85 (1); Balloch v. Hooper, 1887, 17 D.C. 421, 6 Mackey 421; Schlessinger v. Forest Products Co. (1910) 78 N.J.L. 637, 76 A. 1024, 30 L.R.A.,N.S., 347, 138 Am.St.Rep. 627; Keighley, Maxsted & Co. v. Durant, [1901] A.C. 240. There is nothing in the record to show that Mr. Pflaster purported to act on his wife's account when he borrowed the moneys from the appellant. On the contrary, it appears that he represented to the appellant that he was acting for himself. It was suggested in argument that some of the moneys advanced went into the properties in question, and thus to the benefit of Mrs. Pflaster. But there was no substantial evidence to that effect, and it was not sought to found the suit on quasi-contract for unjust enrichment; and in the absence of such benefit, there could be no recovery on that theory.

It is urged that the trial judge gave a wrong reason for taking the case from the jury. It is not necessary to pass upon this, for, whatever the reason, the action of the judge was, under the evidence and the law, correct.

Affirmed.